INHABITANTS OF VEAZIE *versus* INHABITANTS OF MACHIAS.

Under the statute of March 21, 1821, an emancipated minor, by five consecutive years' residence in a town, could not there fix his settlement; for, by that statute, no person under the age of twenty-one years could thus acquire a settlement.

EXCEPTIONS from the ruling of APPLETON, J.

THIS was an action to recover for supplies furnished to a pauper, whose legal settlement the plaintiffs allege to be in Machias.

*Mace*, for the plaintiffs.

*G. F. Talbot*, for the defendants.

The ruling, to which the plaintiffs excepted, appears from the opinion of the Court, which was drawn up by

CUTTING, J.—The report of the evidence, in substance, discloses, *that* the pauper was born in 1810, in that part of Machias which, in 1826, was incorporated as Machias Port, where his father resided, and died the same year; *that* the pauper, being thus emancipated, subsequently resided five consecutive years, viz.: from 1826 to 1830, both inclusive, in Machias, two of which, on the territory now Marshfield, which was taken from Machias and incorporated by a special Act of 1846, the third section of which provides that—"The said town of Marshfield shall be liable for the support of all persons, who are now paupers in said town of Machias,

who were born within the limits of Marshfield, or, who, having gained a settlement in said Machias, have usually resided within the limits of Marshfield; and all persons, who may, or hereafter shall become chargeable as paupers, shall be considered as belonging to that town, on the territory of which they may have gained a legal settlement, and shall be supported by the same."

And it appears that, at the trial, "the plaintiffs' counsel contended under that section, if said pauper was emancipated and then lived said two years in said Marshfield part of Machias, and then the next three years in Machias proper, and thereby gained a settlement by means of such five years' residence; that he would now be chargeable to Machias, if he had not gained a new settlement since; which the Court overruled."

The point raised by the plaintiffs' counsel, is neither legal nor logical. It assumes that five consecutive years' residence, by an emancipated minor, were sufficient to fix his settlement in Machias, in 1830, which was sixteen years prior to the incorporation of Marshfield. Such was their proposition, from which they draw the conclusion, that "*thereby*" the pauper gained such settlement.

*First*, It is not legal, because, under the statute of March 21st, 1821, then in force, no person under the age of twenty-one years could gain a settlement by five consecutive years' residence. It is true that, under another mode in that Act, "*any person* resident in any town at the date of its passage, shall be deemed to have a settlement in the town where he then dwells and has his home," under which provision this Court have invariably held, that an emancipated minor was such "*person*." And thus, in the incorporation and division of towns.

*Second*. It is not logical, for the premises being false the conclusion is equally so, and the presiding Judge was justified in withholding his assent.

The pauper having gained no settlement either in Machias or Marshfield, the third section of the special Act of

1846, incorporating the latter town, cannot aid the plaintiffs. The last point as to the admission of certain testimony, was waived at the argument.

*Exceptions overruled.—Judgment on the verdict.*

TENNEY, C. J., RICE, APPLETON, MAY and KENT, JJ., concurred.